FILED
2022 Jun-06  AM 08:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>75 |
|---|---|---|

ELECTRONICALLY FILED
5/12/2022 12:32 PM
75-CV-2022-900092.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

Date of Filing:   Judge Code:
05/12/2022

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA**

**DELOIS MITHCELL v. WAL MART STORES, INC. ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual       **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                              ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☑ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL  - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX  - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE  - Personal Property
☐ TORE  - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN  - Abandoned Automobile
☐ ACCT  - Account & Nonmortgage
☐ APAA  - Administrative Agency Appeal
☐ ADPA  - Administrative Procedure Act
☐ ANPS  - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
☐ MSXX  - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
                Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT  - Civil Rights
☐ COND  - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP  - Contempt of Court
☐ CONT  - Contract/Ejectment/Writ of Seizure
☐ TOCN  - Conversion
☐ EQND  - Equity Non-Damages Actions/Declaratory Judgment/
                Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD  - Eviction Appeal/Unlawful Detainer
☐ FORJ  - Foreign Judgment
☐ FORF  - Fruits of Crime Forfeiture
☐ MSHC  - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB  - Protection From Abuse
☐ EPFA  - Elder Protection From Abuse
☐ QTLB  - Quiet Title Land Bank
☐ FELA  - Railroad/Seaman (FELA)
☐ RPRO  - Real Property
☐ WTEG  - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP  - Workers' Compensation
☐ CVXX  - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING          A ☐ APPEAL FROM                         O ☐ OTHER
                                                            DISTRICT COURT

                 R ☐ REMANDED               T ☐ TRANSFERRED FROM
                                                            OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO      **Note:** Checking "Yes" does not constitute a demand for a
                                                                                          jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**        ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

___OWE032___                    ___5/12/2022 12:32:16 PM___            ___/s/ William Cone Owen JR___
                                            Date                                                    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☐ NO

ELECTRONICALLY FILED
5/12/2022 12:32 PM
75-CV-2022-900092.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA
## PELL CITY DIVISION

| | |
|---|---|
| **DELOIS MITCHELL, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:**_____ |
| ) | |
| **WAL MART STORES, INC., a corporation;** ) | |
| **WAL MART STORES EAST, L.P., a** ) | |
| **corporation,** ) | |
| **Fictitious Defendants A, B, and C, those** ) | |
| **persons, firms, corporations and/or legal** ) | |
| **entities that owned and/or operated Wal** ) | |
| **Mart Store # 5113 on the date of the fall** ) | |
| **complained of; Fictitious Defendants D, E** ) | |
| **and F, those persons, firms, corporations** ) | |
| **and/or legal entities responsible for creating** ) | |
| **the hazard on the floor of the Wal Mart** ) | |
| **Store at the time of the incident complaint** ) | |
| **of; Fictitious Defendants G, H, and I,** ) | |
| **those persons, firms corporations and/or** ) | |
| **legal entities whose actions or failure to** ) | |
| **act caused injury to the plaintiff, all of** ) | |
| **whose names are unknown at this time but** ) | |
| **will be supplied by amendment when** ) | |
| **ascertained,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff, through Counsel, and for her Complaint against these

defendants, named and fictitious, would show as follows:

1.     Plaintiff DeLois Mitchell is an adult resident of St. Clair County County,

Alabama.

2.     On or about May 13, 2020, Plaintiff entered the Pell City Wal Mart in order to

shop.  Because her visit provided a benefit to Wal Mart, Plaintiff had the status of an invitee.

3.     While shopping, plaintiff was caused to slip and fall on a substance on the floor

near the automotive department.

4.    Defendants, and/or their agents, servants and/or employees, either created the condition that caused plaintiff to fall, or it knew or should have known of same prior to plaintiff's fall, yet took no action to remedy the condition.

5.    Defendants' claims department, Wal Mart Claims Services, has admitted liability on behalf of the defendants for the incident complained of but the parties have been unable to agree on the extent of Plaintiff's damages.

## COUNT ONE

### (Negligence/Wantonness)

6.    Plaintiff adopts averments one through five as if fully set out herein.

7.    Defendants, named and fictitious, had prior knowledge of the defective condition of their premises, specifically that there was a liquid substance on the floor  Further, knowledge of the defective condition can be imputed to the Defendants, named and fictitious, as the defective condition was created by the defendants.

8.    Defendants, named and fictitious, had constructive knowledge that the substance was on the floor as the substance had been on the floor for a significant period of time prior to plaintiff's fall, such that it should have been discovered and remedied by the defendants.

9.    Defendants, named and fictitious, negligently and/or wantonly failed to remedy the defective condition of the premises, thereby allowing a known fall hazard to exist in location that they knew would be encountered by invitees.

9.    As a direct and proximate result of the conduct of defendants, named and fictitious, Plaintiff was injured and damaged as follows:

      a.    She suffered injuries in and about her body;

b.      She suffered a permanent injury to her back and shoulder;

c.      She lost wages due to her inability to work;

d.      She experienced much pain, suffering and mental anguish.

WHEREFORE, premises considered, Plaintiff demands judgment of Defendants, jointly and severally, named and fictitious, for compensatory and punitive damages to be determined by the Court. Plaintiff demands any and all further relief to which the Court deems she is entitled.

Respectfully submitted,

s/Charles E. Robinson, Jr.


s/W. Cone Owen, Jr.
Attorneys for the Plaintiff

OF COUNSEL:
The Robinson Law Firm, P.C.
PO Box 370
Ashville, AL 35953
205-594-5133 (p)
cowen@rlflaw.net
crobjr@rlflaw.net


**SERVE DEFENDANTS BY CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

WAL MART STORES, INC.
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

WAL MART STORES EAST, LP
c/o CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

ELECTRONICALLY FILED
5/12/2022 12:32 PM
75-CV-2022-900092.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

# IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA
## PELL CITY DIVISION

| | |
|---|---|
| **DELOIS MITCHELL, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No.:**_____ |
| | ) |
| **WAL MART STORES, INC., a corporation;** | ) |
| **WAL MART STORES EAST, L.P., a** | ) |
| **corporation, et al,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>PLAINTIFF'S FIRST INTERROGATORIES TO ALL NAMED DEFENDANTS</u>

COMES NOW Plaintiff, through counsel, and serves the following Interrogatories on all named defendants, to be answered within the time and in the manner allowed by the *Alabama Rules of Civil Procedure*.

1.   Please state the name, address, phone number, and title of the person(s) answering these interrogatories.

2.   Please give that information required by Rule 26 of the Alabama Rules of Civil Procedure for each expert witness you intend to call at the trial of this cause.

3.   State the full legal name and address of the entity known to you to be responsible for the inspection, care, and maintenance of the Wal Mart store described in the Complaint at the time of plaintiff's fall.

4.   State whether an accident/incident report was made as a result of the incident complained of. If so, state the name, address and title of the person making such a report, and produce a true copy of same.

5.   State the name, address and phone number of each person known to you to be a witness of the events described in the Complaint.

6.     State the name, address and title of each person known to you, whether one of your employees, agents, and/or servants or not, responsible for inspecting the condition of the area where the plaintiff fell at the time of plaintiff's fall.

7.     State or provide a copy of the policies and procedures this Defendant had in place at the time of the fall described in the Complaint, related to inspecting and/or maintaining the area at issue.

8.     State the verbatim substance of anything said by the plaintiff at the scene of the incident described in the Complaint, and identify by name and address anyone present when any statements were made.

9.     Are you covered by a policy of insurance which may indemnify you against any loss incurred as a result of this suit? If so, please state the name and address of the insurance company providing such insurance, the nature of the policy, the policy number, and the policy limits.

10.   Do you contend that the Plaintiff's injuries and damages were in any way the result of her own behavior? If so, state with particularity each fact you rely on to make such a contention.

11.   Has any written statement been taken from any person concerning facts relevant to this case? If so, please state:

- the name and address of the person making the statement;

- the name and address of the person taking down the statement;

- the name and address of the person presently with custody and control of the statement.

12.   State the name, address and title of each and every one of your employees, agents, and/or servants who has spoken to Plaintiff regarding the events described in the Complaint, including the dates of such conversations, and the substance of same.

13.   State the name, address and job title of any shopping center manager on duty during the events described in the Complaint.

14.   State the name, address and title of each of your employees, agents, and/or servants that came to Plaintiff's assistance after the incident described in the Complaint.

15.   Please provide a list of all witnesses you intend to call at the trial of this cause and give a short synopsis of their expected testimony.

16.   Please state the name, address and title of your employee, agent, and/or servant with the most knowledge about the events described in the Complaint.

17.   Is the store at issue equipped with video cameras used to monitor customers? If so, please state whether any video of Plaintiff was taken on the date at issue, and if so, please produce a true copy of same.

18.   If you claim that any video surveillance of plaintiff was subsequently destroyed or erased, please state:

- when the video surveillance was erased or destroyed;

- who ordered it to be erased or destroyed.

Respectfully submitted,

s/ Charles E. Robinson, Jr.

s/W. Cone Owen, Jr.
Attorneys for the Defendant

**OF COUNSEL:**
The Robinson Law Firm, P.C.
PO Box 370
Ashville, AL 35953
205-594-5133 (p)
cowen@rlflaw.net

**TO BE SERVED ALONG WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
5/12/2022 12:32 PM
75-CV-2022-900092.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

**IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA**
**PELL CITY DIVISION**

| | |
|---|---|
| **DELOIS MITCHELL, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Civil Action No.:_____ |
| | ) |
| **WAL MART STORES, INC., a corporation;** | ) |
| **WAL MART STORES EAST, L.P., a** | ) |
| **corporation, et al,** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**
**TO ALL NAMED DEFENDANTS**

COMES NOW Plaintiff, through counsel, and serves the following Requests for Production on all named defendants, to be answered within the time and in the manner allowed by the *Alabama Rules of Civil Procedure*.

1.     The declaration page and body of any and all policies of insurance which may provide coverage and/or indemnification for the events described in the complaint.

2.     Any and all photographs that depict plaintiff,  the scene of plaintiffs fall, or any other thing relevant to this suit.

3.     Any and all written or recorded statements made by the plaintiff in your possession.

4.     Any and all documents you intend to introduce as evidence at the trial of this cause.

5.     Any and all documents viewed by any expert witness you intend to have testify at the trial of this cause.

6.     Any and all documents you contend support any affirmative defense you assert in this case.

7.     Any and all policy and procedure manuals or other such documents reflecting the

policies and procedures you have in place related to the inspection and maintenance of the area where plaintiff fell.

8.      Any and all incident reports made by your employees, agents and/or servants, or another independent investigative body, which reflect the events of the incidents made the basis of this suit.

9.      Any and all documents reflecting the identification of any persons known to you to be witnesses to the events described in the complaint.

10.     Any and all documents called for in plaintiffs first set of interrogatories to this defendant.

11.     Any and all video surveillance that depicts plaintiff at the shopping center at any time on the date at issue.

12.     Any and all inspection/maintenance records for the date at issue that cover the area of the store where plaintiff alleges she fell.

Respectfully submitted,

s/ Charles E. Robinson, Jr.

s/W. Cone Owen, Jr.
Attorneys for the Defendant

**OF COUNSEL:**
The Robinson Law Firm, P.C.
PO Box 370
Ashville, AL 35953
205-594-5133 (p)
cowen@rlflaw.net

**TO BE SERVED ALONG WITH THE SUMMONS AND COMPLAINT**



AlaFile E-Notice

75-CV-2022-900092.00

To:   William Cone Owen JR
      cowen@rlflaw.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

DELOIS MITHCELL V. WAL MART STORES, INC. ET AL
75-CV-2022-900092.00

The following complaint was FILED on 5/12/2022 12:32:13 PM

Notice Date:      5/12/2022 12:32:13 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900092.00

To:  WAL MART STORES, INC.
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST., STE 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

DELOIS MITHCELL V. WAL MART STORES, INC. ET AL
75-CV-2022-900092.00

The following complaint was FILED on 5/12/2022 12:32:13 PM

Notice Date:     5/12/2022 12:32:13 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511



AlaFile E-Notice

75-CV-2022-900092.00

To:  WAL MART STORES EAST, LP
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST. STE 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

DELOIS MITHCELL V. WAL MART STORES, INC. ET AL
75-CV-2022-900092.00

The following complaint was FILED on 5/12/2022 12:32:13 PM

Notice Date:     5/12/2022 12:32:13 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511

| State of Alabama Unified Judicial System Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>75-CV-2022-900092.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA**
**DELOIS MITHCELL V. WAL MART STORES, INC. ET AL**

**NOTICE TO:** WAL MART STORES, INC., C/O CT CORPORATION SYSTEM 2 N. JACKSON ST., STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
William Cone Owen JR ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: PO Box 370, Ashville, AL 35963 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DELOIS MITHCELL
pursuant to the Alabama Rules of the Civil Procedure.
*[Name(s)]*

| 05/12/2022 | /s/ KATHRYN BURKE | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ William Cone Owen JR

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in County,

*(Name of Person Served)*          *(Name of County)*

Alabama on .

*(Date)*

*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

*(Server's Printed Name)*        *(Phone Number of Server)*

| State of Alabama Unified Judicial System Form C-34  Rev. 4/2017 | **SUMMONS** - CIVIL - | **Court Case Number** 75-CV-2022-900092.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA**
**DELOIS MITHCELL V. WAL MART STORES, INC. ET AL**

**NOTICE TO:** WAL MART STORES EAST, LP, C/O CT CORPORATION SYSTEM 2 N. JACKSON ST. STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
William Cone Owen JR ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: PO Box 370, Ashville, AL 35963 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DELOIS MITHCELL

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 05/12/2022 | /s/ KATHRYN BURKE | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ William Cone Owen JR

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in County,

*(Name of Person Served)*          *(Name of County)*

Alabama on .

*(Date)*

*(Type of Process Server)*      *(Server's Signature)*      *(Address of Server)*

*(Server's Printed Name)*      *(Phone Number of Server)*



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

DELOIS MITHCELL V. WAL MART STORES, INC. ET AL

75-CV-2022-900092.00

To:  CLERK PELLCITY

clerk.pellcity@alacourt.gov

**TOTAL POSTAGE PAID: $15.46**

**Parties to be served by Certified Mail - Return Receipt Requested**

WAL MART STORES, INC.                                    Postage: $7.73
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST., STE 605
MONTGOMERY, AL 36104

WAL MART STORES EAST, LP                                 Postage: $7.73
C/O CT CORPORATION SYSTEM
2 N. JACKSON ST. STE 605
MONTGOMERY, AL 36104

**Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested**

**Parties to be served by First Class Mail**







AlaFile E-Notice

75-CV-2022-900092.00

To:   CHRISTOPHER J. ZULANAS MR.
      czulanas@friedman-lawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

DELOIS MITHCELL V. WAL MART STORES, INC. ET AL
75-CV-2022-900092.00

The following NOTICE OF REMOVAL was FILED on 6/3/2022 4:19:00 PM

Notice Date:      6/3/2022 4:19:00 PM

KATHRYN BURKE
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511

ELECTRONICALLY FILED
6/3/2022 4:19 PM
75-CV-2022-900092.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
KATHRYN BURKE, CLERK

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA
PELL CITY DIVISION

| | | |
|---|---|---|
| DELOIS MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 75-CV-2022-900092.00 |
| | ) | |
| WAL-MART STORES EAST, LP; | ) | |
| WAL-MART STORES, INC.; | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

COME NOW the Defendants in the above-styled action, **Walmart Stores East, L.P. and Walmart, Inc. (previously named Wal-Mart Stores, Inc.)**, and submit this Notice of Filing Notice of Removal.  On June 3, 2022, Defendants filed a Notice of Removal in the United States District Court for the Northern District of Alabama, Middle Division. A copy of this Notice of Removal is attached hereto as Exhibit A.

Respectfully submitted,

_s/ *Chris Zulanas*_____
Christopher J. Zulanas (ZUL001)
Kelsey R. Reckart (REC004)
*Counsel for the Defendants – Walmart Stores East, L.P. and Walmart, Inc.*

<u>OF COUNSEL</u>:
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
kreckart@friedman-lawyers.com
P 205.278.7000 | F 205.278.7001

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused a copy of the foregoing Notice of Removal to be electronically filed and issued to counsel via electronic mail notification on this date: June 3, 2022.

Charles E. Robinson, Jr.
W. Cone Owen, Jr.
The Robinson Law Firm, P.C.
Post Office Box 370
Ashville, AL 35953
crobjr@rlflaw.net
cowen@rlflaw.net
*Counsel for the Plaintiff*

s/ *Chris Zulanas*
OF COUNSEL

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| DELOIS MITCHELL, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | |
| WALMART STORES, INC., a | ) | _____ |
| Corporation; WALMART STORES | ) | |
| EAST, L.P., a corporation; and | ) | |
| Fictitious Defendants A, B, and C, | ) | |
| those persons, firms, corporations | ) | |
| and/or legal entities that owned | ) | |
| and/or operated Wal Mart Store # 5113 | ) | |
| on the date of the fall complained of; | ) | |
| Fictitious Defendants D, E and F, | ) | |
| those persons, firms, corporations | ) | |
| and/or legal entities responsible for | ) | |
| creating the hazard on the floor of the | ) | |
| Wal Mart Store at the time of the | ) | |
| incident complained of; | ) | |
| Fictitious Defendants G, H, and I, | ) | |
| those persons, firms, corporations | ) | |
| and/or legal entities whose actions or | ) | |
| failure to act caused injury to the | ) | |
| plaintiff, whose names are all | ) | |
| unknown at this time, but will be | ) | |
| supplied by amendment when | ) | |
| ascertained, | ) | |
| | ) | |
|     Defendants. | ) | |

## **NOTICE OF REMOVAL**

COME NOW the Defendants in the above-styled action, **Walmart Stores East, L.P. and Walmart, Inc. (previously named Wal-Mart Stores, Inc.)**, and

Page **1** of **11**

pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby give notice of the removal of this action from the Circuit Court of St. Clair County, Alabama, Pell City Division, to the United States District Court for the Northern District of Alabama, Middle Division.  In support of this removal, Defendants state as follows:

## I. <u>PROCEDURAL BACKGROUND</u>

1.      On May 12, 2022, Delois Mitchell ("Plaintiff") filed a Complaint against the Walmart Defendants in St. Clair County, Alabama, Pell City Division, Civil Action No. 75-CV-2022-900092.

2.      In accordance with 28 U.S.C. § 1446(a), copies of all pleadings, processes, and orders in the state court action are attached hereto as Exhibit 1.

3.      Walmart Stores East, L.P. was served with the summons and complaint on May 16, 2022. Walmart, Inc. (previously named Wal-Mart Stores, Inc.) was served with the summons and complaint on May 16, 2022.

4.      Section 1446(b) sets forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading, and (2) those that later become removable on the basis of a copy of an amended pleading, motion, order, or other paper.   28 U.S.C. §1446(b). Regardless of the type of case, a defendant must remove within thirty days of receiving the document that provides the basis for the removal. *See* 28 U.S.C. §1446(b); *Lowery v. Ala. Power Co.*, 483 F.3d 1184,1212-13 (11th Cir. 2007).

5.      Prior to the filing of the subject suit, Defendants were provided with a letter from Plaintiff's counsel demanding $95,000.00 as a result of the incident made the basis of this lawsuit. (Exhibit 2, letter from Plaintiff's Counsel). The letter further alleges Plaintiff has incurred medical expenses of over $42,000.00 to date. (Exhibit 2). Plaintiff's Complaint asserts she "suffered injuries in and about her body," "suffered a permanent injury to her back and shoulder," "lost wages due to her inability to work," "experienced much pain, suffering and mental anguish" for which she demands compensatory and punitive damages. (Complaint, ¶ 9). Based upon Plaintiff's claims and settlement demand, it is clear alleged damages in this lawsuit equate to over $75,000.00. Consequently, this matter is removable under 28 U.S.C. § 1446(b) within thirty days after the service of the Complaint on Defendants. Although Defendants deny liability alleged against them by Plaintiff, it is unquestionable that the damages claimed by Plaintiff in this matter exceed the $75,000 amount in controversy for removal under diversity jurisdiction.

6.      This notice is being filed with the United States District Court within thirty (30) days after receipt of the initial pleadings. Therefore, this notice is timely under 28 U.S.C. § 1446(b).

7.      This case is properly removable pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between Plaintiff and the Defendants.

Additionally, the amount in controversy exceeds the threshold for federal diversity jurisdiction.

## II. <u>DIVERSITY JURISDICTION</u>

8.      As demonstrated below, this action is removable under 28 U.S.C. § 1441 because this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Furthermore, this Notice of Removal has been filed within thirty (30) days of the date when Defendants received service of the Complaint and, therefore, complies with the procedural requirements of 28 U.S.C. § 1441(b).

### A.      <u>There Is Complete Diversity of Citizenship Between the Parties</u>

9.      This action involves "citizens of different states."   28 U.S.C. § 1332(a)(1).

10.      Plaintiff Delois Mitchell is an individual resident of St. Clair County, Alabama. (Complaint, ¶ 1).

11.      Defendant Wal-Mart Stores East, Inc. is an Arkansas limited liability company with its principal place of business in Arkansas. (Alabama Secretary of State Business Entity Records, attached as Exhibit 3).

12.      Defendant Wal-Mart, Inc. (previously named Wal-Mart Stores, Inc.) is a Delaware corporation with its principal place of business in Arkansas. (Exhibit 3).

13.     Accordingly, the Walmart Defendants are not citizens of Alabama, Plaintiff's place of residence, for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). *See MacGinnitie v. Hobbs Group*, 420 F.3d 1234, 1239 (11th Cir. 2005) (stating "For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business.").

14.     It has long been held that the court's diversity jurisdiction is established at the time the notice of removal is filed.  *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Further, the citizenship of defendants sued under fictitious names shall not be considered when determining diversity jurisdiction. 28 U.S.C. § 1441(b).

15.     Accordingly, there is complete diversity among the Plaintiff and Defendants in this matter.

**B.     <u>The Amount-In-Controversy Requirement is Satisfied</u>**

16.     The amount in controversy in this action exceeds the $75,000.00 jurisdictional threshold. 28 U.S.C. § 1332(a).

17.     In her complaint, Plaintiff alleges she suffered severe and permanent physical injury, lost wages and "much pain, suffering and mental anguish." (Complaint ¶ 9). As a result of this alleged injury, Plaintiff seeks damages for negligence, wantonness, and premises liability in an unspecified amount of compensatory and punitive damages. *Id*. Plaintiff claims her previously incurred

medical expenses, as well as future medical expenses, lost wages, and other monetary losses as damages in this case. *Id.*

18.     Where is an unspecified claim for damages, a removing defendant is not required to prove the plaintiff would recover more than the jurisdictional amount to a "legal certainty." *Lowe's Ok'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998). Instead, the defendant faces the lower burden of demonstrating "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement. *Lowe's Ok'd Used Cars, Inc.*, 995 F. Supp. at 1389 (citing *Tapscott*, 77 F.3d at 1357). *See, e.g., Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1282 (N.D. Ala. 2013); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The lower burden of proof "is warranted because there is simply no estimate of damages to which a court may defer." *Lowe's Ok'd Used Cars, Inc.*, 995 F. Supp. at 1389.

19.     To meet its burden, the removing defendant may present additional evidence to establish that the amount in controversy exceeds $75,000. *Rowe v. Michelin. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("In some cases, [the removing defendant's] burden requires [it] to provide additional evidence demonstrating that removal is proper." (footnote and citation omitted)); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010) (concluding that defendants can "submit [their] own evidence in order to satisfy the jurisdictional

requirements of removal" including defendants' own affidavits, declarations, or other documents). Such evidence may include demand letters received from the plaintiff. *Partridge v. Target Corp.*, No. CV 10-PWG-2428-NE, 2011 WL 13229686, at *2 (N.D. Ala. July 11, 2011) (citing *Lowery v. Ala. Power*, 483 F.3d 1184, 1212 n. 62 (11th Cir. 2007)); *Foshee v. Cleavenger*, No. 2:14CV965-SRW, 2014 WL 6978276, at *5 (M.D. Ala. Dec. 4, 2014).

20.     Moreover, the Eleventh Circuit has stated:

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See Id*. at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See Id*. at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)); *see also Williams [v. Best Buy Co., Inc.]*, 269 F.3d [1316,] 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Rowe v. Michelin Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

21.     The preponderance of the evidence establishes that the amount in controversy requirement is met in this action. In fact, Plaintiff demanded $95,000 for her claims. (Exhibit 3). Thus, Plaintiff herself has alleged that her damages in this matter exceed the $75,000.00 threshold for diversity jurisdiction under § 1332(a).

22.     Moreover, this Court is allowed to look to judicial experience to reasonably deduce the amount in controversy. In similar cases wherein a plaintiff has successfully asserted claims against a defendant for severe and permanent physical injury arising from a fall on the defendant's premises, jury verdicts have exceeded the jurisdictional requirement. *See Methvin, et al. v. Coca-Cola Bottling Co. Consolidated, et al.*, 19 Ala. Civ. Trial Rptr. 3-24, 2019 WL 1983922 (Cir. Ct. Mobile Cnty. Jan. 16, 2019) (awarding plaintiff Melissa Methvin $1,400,000.00 in damages for injuries sustained when plaintiff slipped and fell on water located on the floor); *Letson v. Huntsville Hospital*, 18 Ala. Civ. Trial Rptr. 6-15, 2018 WL 3105528 (Cir. Ct. Madison Cnty. Mar. 12, 2018) (providing a settlement of $145,000 to the plaintiff for sustained knee and back injuries in a trip and fall at her place of employment); *Preston v. Medical Ctr. Hotel, Inc., et al.*, 15 Ala. Civ. Trial Rptr. 11-12, 2015 WL 7729423 (Cir. Ct. Jefferson Cnty. June 15, 2015) (awarding $420,050.00 in damages to plaintiff on her claims of negligence against defendants Medical Center Hotel and Blumberg arising out of her trip and fall over a floor drain on defendants' premises).

23.     As such, the amount in controversy requirement of 28 U.S.C § 1332(a) is met as the preponderance of the evidence establishes that Plaintiff seeks over $75,000.00 in compensatory and punitive damages from the Defendants.

C.    **The Other Prerequisites for Removal Have Been Satisfied**

24.    In addition to satisfying the requirements for diversity of jurisdiction, Defendants have satisfied all other requirements for removal.

25.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

26.    Defendants have not previously removed this action.

27.    Removal at the present time will not result in any prejudice to Plaintiff as the matter is in the initial pleading stage and no discovery has occurred.

28.    Removal to this district and division is proper under 28 U.S.C § 81(a)(1) because this district and division embraces the Circuit Court of St. Clair County, Alabama, Pell City Division the forum in which the removed action was pending.

29.    In accordance with 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of St. Clair County, Alabama, Pell City Division where this action was pending.

### III.  CONCLUSION

30.    Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether

pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

WHEREFORE, PREMISES CONSIDERED, Defendants Walmart Stores East, L.P. and Walmart, Inc. (previously named Walmart Stores, Inc.) respectfully request that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of St. Clair County, Alabama, Pell City Division to the United States District Court for the Northern District of Alabama, Middle Division.

Respectfully submitted,


_s/ Chris Zulanas_

Christopher J. Zulanas (ASB-1572-U82C)
Kelsey R. Reckart (ASB-4405-S42Z)
_Counsel for the Defendants_
_Walmart Stores East, L.P. and_
_Walmart, Inc._

OF COUNSEL:
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
kreckart@friedman-lawyers.com
P 205.278.7000 | F 205.278.7001

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused a copy of the foregoing Notice of Removal to be electronically filed and issued to counsel via electronic mail and/or CM/ECF notification on this date: June 3, 2022.

Charles E. Robinson, Jr.
W. Cone Owen, Jr.
The Robinson Law Firm, P.C.
Post Office Box 370
Ashville, AL 35953
crobjr@rlflaw.net
cowen@rlflaw.net
*Counsel for the Plaintiff*

                          s/ *Chris Zulanas*
                   _____
                   OF COUNSEL